UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 23, 2016

Yvonne Miles
1416 May Court
Baltimore, Maryland 21231

Amy Rigney, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

     RE:    *Yvonne Miles v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-1397

Dear Ms. Miles and Counsel:

     On May 10, 2016, Plaintiff Yvonne Miles, who appears *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered both parties' submissions, and Ms. Miles's response to the Commissioner's Motion for Summary Judgment. [ECF Nos. 19, 21, 22, 24]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

     Ms. Miles filed her claims for benefits on April 5, 2012, alleging a disability onset date of July 1, 2011. (Tr. 162-74). Her claims were denied initially and on reconsideration. (Tr. 98-102, 108-11). A hearing was held on September 16, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 31-61). Following the hearing, on December 18, 2014, the ALJ determined that Ms. Miles was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-30). The Appeals Council denied Ms. Miles's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

     The ALJ found that Ms. Miles suffered from the severe impairments of "cervical and lumbar degenerative disc disease; obesity; arthritis; degenerative joint disease of the knees; major depressive disorder; panic disorder; adjustment disorder with depressed mood and

anxiety." (Tr. 14). Despite those impairments, the ALJ found that Ms. Miles retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must have the option to change positions from sitting to standing at the work station every 30 minutes. The claimant can also perform occasional stooping, crouching, kneeling, crawling, balancing and climbing stairs and ramps, but can perform no climbing of ladders, ropes or scaffolds. The claimant can understand, remember and carry out simple instructions and can perform simple, routine and repetitive tasks in a low stress environment which is defined as having no required independent decision making and occasional changes in work setting. In addition, she can have occasional required interaction with the public, supervisors and co-workers.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Miles could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 24-25).

I have considered Ms. Miles's case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. Because the ALJ's evaluation of Ms. Miles's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Miles was not entitled to benefits was correct or incorrect.

As background, on March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. The Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit found that the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[1] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*

---

[1] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

This case is partially distinguishable from *Mascio*. The entirety of the step three analysis states:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. The claimant testified she has difficulty with attention and concentration. However, there is no evidence of record that he [sic] has any significant thought disorder or cognitive deficits. On an April 11, 2012 Function Report, the claimant reported she is able to handle her own finances. (Exhibit 1E). Additionally, throughout the record, the claimant exhibited no significant deficits in memory, attention, or concentration and his (sic) testimony was generally responsive, coherent, and without any apparent lapses of attention.

(Tr. 16). That analysis does not permit this Court to understand the precise parameters of the difficulties the ALJ believed Ms. Miles to have. According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

*See also* 20 C.F.R. § 416.920a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4); *see also* 20 C.F.R. § 416.920a(e)(4).

As noted above, the ALJ imposed a RFC restriction that Ms. Miles can "understand, remember and carry out simple instructions and can perform simple, routine and repetitive tasks

*Yvonne Miles v. Commissioner, Social Security Administration*
Civil No. SAG-16-1397
November 23, 2016
Page 4

in a low stress environment which is defined as having no required independent decision making and occasional changes in work setting." (Tr. 17).  There is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses Ms. Miles's ability to sustain work throughout an eight-hour workday.  In fact, I am unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace.  It appears that the ALJ largely discredits Ms. Miles's reports of difficulty with attention and concentration.  Accordingly, I must remand the case to the Commissioner for further explanation and analysis, consistent with the Fourth Circuit's mandate in *Mascio*.

I note that Ms. Miles submitted a series of medical records with her court filings, including several letters from her treating physicians supporting her application for disability. [ECF Nos. 19, 21, 24].  Most of those records post-date the ALJ's decision in this case.  While those records could not be properly considered on this appeal since they were not presented to the ALJ, now that the case is being remanded for further consideration by the Commissioner, Ms. Miles should submit those updated records to the Social Security Administration to be included in her file.

For the reasons set forth herein, Defendant's Motion for Summary Judgment [ECF No. 22] is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                      Sincerely yours,

                      /s/

                      Stephanie A. Gallagher
                      United States Magistrate Judge